2:20-cv-16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# DEL RIO DIVISION

| | | |
|---|---|---|
| **JANE EPISD-JL DOE,** | § | |
|     **PLAINTIFF** | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **EAGLE PASS INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
|     **DEFENDANT** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff **JANE EPISD-JL DOE** ("Jane") to hereby file her "Plaintiff's Original Complaint" and in support Jane would show this Honorable Court the following.

## A.  NATURE OF SUIT

1.    Plaintiff Jane has been the victim of systematic and ongoing discrimination in Jane's workplace based on Jane's age and in retaliation of Jane's pursuit of formal grievances related to her workplace, as well as in retaliation in an effort to suppress Jane's exercise of Jane's rights under the First Amendment of the United States Constitution. These acts of discrimination caused, contributed to, and maintained a hostile workplace environment in addition to being actionable in and of themselves. Plaintiff Jane attempted many times to have Defendant EPISD (hereafter defined) stop the discrimination, but Defendant failed and refused to do

so. After exhausting her administrative remedies and having seen that any further attempt to seek administrative redress would be pointless because of the Defendant EPISD's clear bias against Plaintiff Jane, Jane is also exercising her right to file a complaint with the United States Equal Employment Opportunity Commission (the "EEOC") and now seeks judicial redress.

2.      Plaintiff Jane now files this original action for damages and equitable relief pursuant to:

(a)     42 U.S.C. §§6101 *et seq*., being the Age Discrimination in Employment Act of 1967, as amended;

(b)     42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343;

(c)     42 U.S.C. § 1983 with regards to:

(i)     Defendant's violations of the laws of the United States;

(ii)    Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

(iii)   Defendant's denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution;

(d)     Defendant's actions in violations of provisions of the Texas Constitution

**PLAINTIFF'S ORIGINAL COMPLAINT**

## B.  PARTIES

3.      Plaintiff JANE EPISD-JL DOE is an individual residing in the State of Texas.  Because of the privacy issues involved in this matter and the continued, real, and ongoing threat of further retaliation by Defendant, Jane is hereby exercising Jane's rights to proceed with this matter anonymously.

4.      The need to protect the identity of Plaintiff Jane does not hinder the defense of this matter by Defendant, for the facts are well known to the Defendant. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to the Defendant, the protection of Jane's privacy prevails.

5.      At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Jane, and (b) to protect Plaintiff Jane from further retaliation, Jane's identity shall be disclosed.

6.      Defendant EAGLE PASS INDEPENDENT SCHOOL DISTRICT ("EPISD") is a public school district formed under the laws of the State of Texas and operates under the authority of the State of Texas and the United States Department of Education. Defendant EPISD may be served with process herein by personal delivery to Defendant's EPISD's Superintendent of Schools as follows:

**EAGLE PASS INDEPENDENT SCHOOL DISTRICT**
**ATTN: Samuel Mijares-Superintendent**
**587 Madison Street**
**Eagle Pass, Texas 78852**

## C.  <u>JURISDICTION and VENUE</u>

7.      The original  jurisdiction of this Court is in accordance with 28 U. S. C.

§ 1331 as involving a *federal question* proceeding arising under:

(a)      42 U.S.C. §§6101 *et seq*., being the Age Discrimination in Employment Act of 1967, as amended ("ADEA");

(b)      42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343 ("Title VII"); and

(c)      42 U.S.C. § 1983 ("Section 1983") with regards to:

(j)      Defendant's violations of the laws of the United States;

(ii)     Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

(iii)    Defendant's denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

8.      This Court may further exercise supplemental jurisdiction over Plaintiff's claims arising under Texas law pursuant to 28 U.S.C. § 1367, specifically, being Defendant's actions in violation of provisions of the Texas Constitution.

9.      Venue is proper in the Western District of Texas (Del Rio Division) because Defendant EPISD operates its schools in, and from, Eagle Pass, Texas and Maverick County, Texas, which is also where the underlying events occurred. Eagle

Pass and Maverick County are within the Western District of Texas and within the Del Rio Division.

## D.  FACTUAL BACKGROUND

10.     Jane is a female over the age of forty.

11.     Jane has been an education employee in the State of Texas for many years. Jane remains an employee of Defendant EPISD.

12.     Jane performed the above-described work for Defendant EPISD under a written agreement with ("Contract").

13.     EPISD receives grants and other funds from the United States government.

14.     Plaintiff Jane made Defendant EPISD fully aware of such mistreatment, as well as improper and illegal actions being taken by EPISD. However, EPISD personnel took no steps to stop the misconduct, to correct the offenders, or to prevent similar acts of misconduct in the future. Indeed, Defendant EPISD's reaction was to retaliate against Jane for having brought the misconduct to people's attention.

15.     Further, because of Plaintiff's Jane's age and the exercise of Jane's rights to seek formal complaints and redress (by filing the foregoing referenced formal grievance that was intentionally blocked by Defendant EPISD and its counsel), EPISD systematically demoted Jane to a position that was subsequently filled by a younger worker, resulting in a significant loss of salary for Jane.

16.    Further, Plaintiff Jane is pursuing a complaint with the United States Department of Justice, Civil Rights Division, Equal Employment Opportunity Commission.

17.    EPISD's misconduct caused Jane to suffer economic harm, including without limitation lost pay and medical expenses.

18.    EPISD committed the misconduct described in this Complaint intentionally, with actual malice, reckless disregard, and deliberate indifference towards Jane.

19.    Texas law deems Jane's Contract to create a property interest that Jane holds.

20.    Defendant EPISD targeted its behavior against Jane and implemented it under color of law. The EPISD personnel who committed the misconduct complained of did so as agents and representatives of EPISD and were implementing EPISD's policies, practices, and procedures when they acted against Jane.

21.    If EPISD's policies, practices, and procedures were not in written form, EPISD and its agents implemented them in accord with the customs and practices of EPISD's policy makers.

22.    The EPISD personnel who acted against Jane did so while performing their assigned EPISD duties, as prescribed by EPISD's superintendent and/or its board of trustees.

23.     Further, EPISD's Board of Trustees ("Board") was aware of the ongoing course of discrimination and mistreatment of Jane, yet it did nothing, even though the board is EPISD's ultimate policy maker. The Board, therefore, ratified and condoned EPISD's agents' misconduct against Jane.

24.     EPISD's misconduct towards Plaintiff Jane represent actions of complete and deliberate indifference to Jane, and, made it necessary for Jane to retain legal counsel and to file this lawsuit to seek redress for the wrongs done to her by EPISD.

25.     For the purposes of this matter, Defendant EPISD's foregoing acts and omissions committed as to Plaintiff Jane shall be collectively referred to hereafter as the "Civil Rights Violations."

26.     Plaintiff Jane has met all conditions precedent to bring these claims before this Honorable Court.

## E.   CAUSES OF ACTION

## COUNT ONE: VIOLATION OF THE ADEA

27.     Defendant EPISD's Civil Rights Violations against Plaintiff Jane were committed, in part, because Plaintiff Jane was over the age of forty.

28.     Defendant EPISD's Civil Rights Violations committed against Plaintiff Jane based upon Jane's age are violations of the ADEA.

29.     Plaintiff Jane has suffered actual and consequential damages as a direct and proximate result of EPISD's violations of the ADEA, for which Jane now sues.

## COUNT TWO: VIOLATION OF TITLE VII

30.     EPISD committed certain of its misconduct towards Jane, *supra*, because of Jane's age as well as in retaliation for Jane expressing her right to seek redress for improper working conditions.

31.     EPISD's Civil Rights Violations as to Jane's violate Title VII. Such actions also created a hostile workplace environment.

32.     EPISD also committed certain of its misconduct towards Jane, *supra*, in retaliation for her filing grievances and complaints against EPISD.

33.     EPISD's retaliatory acts contributed to and aggravated the hostile workplace environment at Jane's place of employment.

34.     Jane has suffered actual and consequential damages as a direct and proximate result of EPISD's violations of Title VII.

## COUNT THREE: VIOLATION OF SECTION 1983

35.     42 U.S.C. §1983 provides in part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, a citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action and law, suit in equity, or other proper procedure for redress….

36.     EPISD's Civil Rights Violations in violation of the ADEA and Title VII also violate Section 1983 because EPISD committed those acts and omissions under color of law, through designated persons of authority implementing their EPISD-assigned duties and responsibilities, including the Board.

37.     The First Amendment to the United States Constitution grants Jane the right to express her issues with EPISD both orally and in writing. It grants her the right to assemble peaceably and to petition EPISD for redress, which she did.

38.     The Fourteenth Amendment to the United States Constitution grants Jane the right to procedural and substantive due process and to equal protection under the law.

39.     Jane suffered actual and consequential damages as a direct and proximate result of EPISD's violations of Section 1983.

40.     Plaintiff Jane also seeks equitable relief to which Plaintiff Jane is entitled by Section 1983, including but not being limited to:

    (a)     requiring Defendant EPISD to cease and desist from any further Civil Rights Violations against Plaintiff Jane; and

    (b)     expungement from the files of Defendant EPISD of all materials reflecting negatively on Plaintiff Jane.

## COUNT FOUR: VIOLATIONS OF THE TEXAS CONSTITUTION

41.    As a public school district locally operating as a political subdivision in the State of Texas, Defendant EPISD's actions are also subject to scrutiny of protections created by the Texas Constitution.

42.    Defendant EPISD's Civil Rights Violations against Plaintiff Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's' rights under the Constitution of the State of Texas.

43.    Specifically, Defendant EPISD's Civil Rights Violations committed towards Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's rights under:

      (a)    the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;

      (b)    the substantive due process requirements of the Texas Constitution found in Article 1, Section 19;

      (c)    the equal protection requirements of the Texas Constitution found in Article I, Section 3; and

      (d)    the freedom of speech requirements of the Texas Constitution found in Article I, Section 8.

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

44.     Defendant EPISD's Violations of the Texas Constitution as to Plaintiff Jane have caused Plaintiff Jane to suffer a loss of benefits and created economic losses.

45.     Defendant EPISD's  Violations of the Texas Constitution as to Plaintiff Jane  have caused Plaintiff Jane to suffer mental and emotional distress and damages.

46.     Although Plaintiff Jane, as a private party living in the State of Texas, has no standing to seek monetary damages for the Defendant EPISD's  Violations of the Texas Constitution as to Plaintiff Jane, Plaintiff Jane does seek the equitable relief to which Plaintiff Jane is entitled by Texas jurisprudence, including but not being limited to:

    (a)     requiring Defendant EPISD to cease and desist from any further Civil Rights Violations against Plaintiff Jane;

    (b)     expungement from the files of Defendant EPISD of all materials reflecting negatively on Plaintiff Jane.

## COUNT FIVE: EXEMPLARY AND/OR LIQUIDATED DAMAGES

47.     Various of the statutes that EPISD's misconduct violated permit the recovery of exemplary and/or liquidated damages. EPISD's misconduct entitles Jane to recover exemplary and/or liquidated damages from EPISD in an amount sufficient to punish EPISD for its misconduct and to deter similar misconduct in the future.

## COUNT SIX: ATTORNEY'S FEES

48.     Various of the statutes that EPISD's misconduct violated permit the recovery of reasonable and necessary attorney's fees. EPISD's misconduct entitles Jane to recover from EPISD her reasonable and necessary attorney's fees.

## COUNT SEVEN: INTEREST AND COSTS OF COURT

49.     Various of the statutes that EPISD's misconduct violated permit the recovery of prejudgment interest.

50.     Jane is entitled to recover from EPISD both prejudgment interest, where permitted, and post judgment interest, at the highest rates permitted by law.

51.     Jane is entitled to recover from EPISD her costs of court.

## F. JURY TRIAL

52.     Plaintiff Jane hereby requests a trial by jury in this lawsuit.

Wherefore, premises considered, Plaintiff JANE EPISD-JL DOE respectfully prays that upon final trial of this matter Jane recover a judgment against Defendant EPISD for:

- Plaintiff's actual and consequential damages;

- Exemplary damages in the manner requested above;

- Plaintiff's reasonable and necessary attorney's fees;

- Prejudgment and post judgment interest, as applicable;

- Plaintiff's costs of court; and

Any and all such other relief, legal and equitable, as to which Plaintiff may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 512.980.4556 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF**
**JANE EPISD-JL DOE**